810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse R. JACKSON, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, Defendant-Appellee.
 No. 86-3317.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1986.
 
 1
 Before KEITH and GUY, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Jackson moves for counsel on appeal from the district court's order denying his motion for relief from judgment in this Veterans Administration case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and Jackson's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Jackson's complaint alleged that the Administration improperly decided his claims for benefits and failed to hold hearings in his cases. The district court entered an order holding that it lacked jurisdiction to address the merits of the Administration's decisions and also holding that Jackson had been provided with the proper hearings.
 
 
 4
 Subsequently, Jackson filed his motion for relief from judgment under Rule 60(b)(1), Federal Rules of Civil Procedure. He again argued the merits of his decisions and also argued that a delay of two and a half years before hearing cases constituted a due process violation. The district court denied the motion.
 
 
 5
 It is well settled that the granting or denying of a motion for relief from judgment under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court, and that determination will not be reversed except for an abuse of discretion. In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). Here the district court properly held that the merits of the Administration's decisions are not subject to judicial review. 38 U.S.C. § 211(a); Walters v. National Association of Radiation Survivors, --- U.S. ---, 105 S.Ct. 3180, 3182 (1985); Johnson, Administrator of Veterans' Affairs v. Robison, 415 U.S. 361, 367 (1974).
 
 
 6
 Concerning the alleged due process violation, it is true that a delay in administrative proceedings can amount to a due process violation. Kelly v. Railroad Retirement Board, 625 F.2d 486, 490 (3rd Cir.1980). However, an examination of the Administration's record in this case shows that no violation occurred here.
 
 
 7
 Jackson's appeal concerning his educational benefits was filed on February 9, 1983, heard on April 26, 1983, and decided on January 25, 1984. His appeal concerning his disability benefits was filed on April 3, 1985, and heard on June 12, 1985. A decision concerning that appeal had not yet been rendered at the time the district court dismissed the case.
 
 
 8
 These dates show that the Administration was acting in a timely manner concerning Jackson's applications for benefits. Therefore, there was no due process violation, and the district court did not abuse its discretion when it denied the motion for relief from judgment.
 
 
 9
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation